## UNITED STATES v. JONES.

*(District Court, D. South Carolina.   October, 1887.)*

CLAIMS AGAINST THE UNITED STATES—INDICTMENT FOR FRAUD.
  One is guilty, under section 5438, Rev. St., who presents a claim which he believes to be true and just, but which he seeks to substantiate by affidavits, certificates, or depositions of persons who to his knowledge depose or certify to material facts of which they know nothing.

*(Syllabus by the Court.)*

*Moultrie Gourdin,* for defendant.
*H. A. De Saussure,* Asst. Dist. Atty., for the State.

SIMONTON, J., *(charging the jury.)*   The defendant is indicted before you under section 5438, Rev. St.  The offense charged, in substance, is making, or causing to be made, presenting, or causing to be presented, a claim against the government, knowing such claim to be false, fictitious,

or fraudulent; and also, for the purpose of obtaining, or aiding to obtain, payment of such claim, using, or causing to be used, a false certificate, affidavit, or deposition.

The undisputed facts are these: One John Jones, a private in Company F, Twenty-fifth regiment U. S. C. T., died at Fort Snelling, Minnesota, in 1883. In his pocket was a letter purporting to be from his brother, William Jones, Charleston, South Carolina. A letter was addressed to William Jones, 9 Burns lane, Charleston, South Carolina, giving information of the death of John Jones. It came into the hands of defendant. After retaining it for some months, he met with one Nelson, a claim agent, and showed him the letter. Under the advice of Nelson, he made out a claim for the back pay, etc., of the deceased soldier, alleging himself to be his only surviving brother and heir at law. His claim was fortified, as required by law, by the affidavits of two persons swearing to the knowledge of the facts stated in the application, Gibbs and Brown. The claim was allowed. Before it was paid, one John Jones claimed the property of the deceased soldier, alleging that he was the father of the soldier, and of another son, William, and that the defendant was in nowise related to or known to him. Thereupon the claim of defendant was suspended and this prosecution begun.

Full testimony has been produced before you. The defendant has made his statement in person, and insists that he did have a brother named John Jones, and that he honestly believed that he and the dead soldier were the same person. Gibbs, one of the witnesses used to substantiate his claim under oath, now swears that he knew nothing of the relationship between the defendant and the dead soldier; in other words, he says now that his affidavit was false. You have heard Nelson, the claim agent. To reach your verdict, you must first inquire whether the statement and claim of the defendant that the deceased soldier, John Jones, was his brother, are true in fact. If you come to the conclusion that the deceased soldier was not his brother, then you must inquire whether the statement and claim made by the defendant, that he was his brother, were fraudulent as well as untrue. The claim was fraudulent as well as untrue if the defendant knew that it was untrue, or, perhaps I should say, if defendant did not believe it to be true. And even if he honestly believed the claim to be true, and that the dead soldier was his brother, nevertheless the claim and presentation of it would be fraudulent if, in presenting it, he used, or caused to be used, a false certificate, affidavit, or deposition, knowing it to be false.

All the circumstances attending the preparation and presentation of the claim have been detailed before you by the witnesses, and have been commented upon by the counsel. You have heard Gibbs, one of the persons whose affidavits sustained the claim, declare that he really knew nothing of the facts he swore to. Is this true? Did the defendant know that the affidavit of Gibbs was false? Did he know this at the time it was made, or did it come to his knowledge before it was presented with his claim to the department? Did he induce Gibbs to make the affidavit? Did he do this knowing that Gibbs really knew nothing of the

facts stated in it? Or, on the other hand, was the defendant the dupe of the claim agent, acting blindly under his dictation, not knowing the means employed in preparing, substantiating, and presenting the claim? The answer to these questions you must find in the evidence. If the defendant knew, before it was sent on, that the affidavit of Gibbs was false,—that is, that Gibbs swore to facts which were not within his knowledge,—and, notwithstanding, directed or suffered his claim to be presented, he is guilty under this indictment, even if you believe that he really was the brother of the deceased soldier, or if he was honestly convinced that the dead John Jones was his brother. Of course, if he made the application knowing that he was not the brother of the dead soldier, he is guilty.

The defendant is an illiterate colored man. If you believe, from the evidence, that he was acting wholly under the advice and control of Nelson, the claim agent, not knowing or understanding what was being done, then give him the benefit of the reasonable doubt, and acquit him.

The jury found the defendant guilty, and recommended him to mercy.